UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| WILLIAM MCDOUGALD<br>Plaintiff,<br><br>v.<br><br>LVNV FUNDING, LLC<br>Defendant. | ) JURY TRIAL DEMANDED<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff William McDougald, by and through his undersigned attorney, alleges as follows:

### I.   INTRODUCTION

1. This Complaint is filed and these proceedings are instituted under the "Fair Debt Collection Practices Act" 15 U.S.C. § 1692, et. seq., to recover actual and statutory damages, reasonable attorney's fees and costs of suit due to Defendant's violations all of which occurred within one year from the filing date of this Complaint.

### PRELIMINARY STATEMENT

1

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *Id.*

3. The FDCPA is a strict liability standard and generally does not require proof of intentional violation. *See Stratton v. Portfolio Recovery Assocs., L.L.C.*, 770 F.3d 443 (6th Cir. 2014); *Tourgeman v. Collins Fin. Services, Inc.*, 755 F.3d 1109 (9th Cir. 2014); *Glover v. F.D.I.C.*, 698 F.3d 139 (3d Cir. 2012); *Easterling v. Collecto, Inc.*, 692 F.3d 229 (2d Cir. 2012).

4. Even a single violation of the FDCPA is sufficient to support liability. *Taylor vs. Perrin, Landry, deLaunay, & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997).

## II. JURISDICTION AND VENUE

5. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Venue in this District is proper in that the Defendant transacts business in Houston, Texas and the conduct complained of occurred in Houston, Texas.

## III. PARTIES

7. Plaintiff William McDougald (hereinafter "Mr. McDougald") is a natural person residing in Houston, Texas.

8. Mr. McDougald is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(3).

9. Upon information and belief, Defendant LVNV Funding LLC is a Delaware-based debt collection company.

10. Defendant LVNV Funding LLC is engaged in the collection of debt from consumers using the mail and telephone.

11. Defendant LVNV Funding LLC regularly attempts to collect consumers' debts alleged to be due to others.

12. Defendant LVNV Funding LLC (hereinafter referred to as "Debt Collector") is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.   FACTS OF THE COMPLAINT

13. In 2024, Debt Collector began attempting to collect three debts alleged to be owed by Mr. McDougald.

14. Debt Collector included reporting the three debts to Mr. McDougald's consumer report in its collection efforts.

15. On or about May 16, 2024, Mr. McDougald mailed a letter to Debt Collector informing it that he refused to pay the alleged debts.

16. Subsequently, Mr. McDougald checked his consumer report and noticed that Debt Collector falsely represented that Mr. McDougald had disputed the account information.

17. Debt Collector's publishing of false information has damaged the personal and credit reputation of Mr. McDougald.

## V.    FIRST CLAIM FOR RELIEF
## 15 U.S.C. § 1692e(8)

18. Mr. McDougald re-alleges and reincorporates all previous paragraphs as if fully set out herein.

19. Debt Collector violated the FDCPA.

20. Debt Collector's violations include, but may not be limited to, the following:

    Debt Collector violated 15 U.S.C. § 1692e(8) of the FDCPA by communicating to one or more of the consumer reporting agencies credit information that it knew or should have known to be false.

21. As a result of the above violations of the FDCPA, the Defendants are liable for Mr. McDougald's actual damages, statutory damages, and cost.

## VI.    JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mr. McDougald respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Debt Collectors for:

  A. Judgment against Defendants for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C. § 1692k(1)(2);

C. Statutory damages pursuant to 15 U.S.C. § 1692k(2);

D. Cost and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(3);

E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

**Law By JW, LLC**
1590 Jonesboro Rd. SE #6839
Atlanta, GA 30315
Phone: (832) 422-6362
jeff@lawbyjw.com
Attorney for Plaintiff

By: _____
JEFFREY A. WILSON

5